

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| CHRISTOPHER L. HAMPTON,<br>  Petitioner, | §<br>§<br>§ |
| vs. | §    Civil Action No. 1:21-01377-MGL |
| | § |
| KENNETH NELSON, *Warden*,<br>  Respondent. | §<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT, AS AMENDED,
AND DISMISSING PETITIONER'S PETITION WITH PREJUDICE**

Petitioner Christopher L. Hampton (Hampton), proceeding pro se, filed this petition seeking a writ of habeas corpus against Kenneth Nelson, Warden (Nelson) pursuant to 28 U.S.C. § 2254.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending Nelson's motion for summary judgment be granted, Hampton's motion for summary judgment, as amended, be denied, and Hampton's petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 13, 2021, the Clerk of Court docketed Hampton's objections on September 30, 2021, Nelson filed a reply on October 14, 2021, and the Clerk of Court docketed Hampton's sur reply to Nelson's reply on November 5, 2021.  The Court has reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

Here, the Court overrules Hampton's objections.  The Court concludes these objections amount to general contentions with the Report's findings, and merely repeat claims the Magistrate Judge properly considered and addressed.  Inasmuch as the Court agrees with the Magistrate Judge's detailed treatment of those issues in its well-written and comprehensive forty-five page Report, it need not repeat the discussion here.  Consequently, because Hampton neglects to make any specific objections, and the Court has found no clear error, it need not make a de novo review of the record before overruling Hampton's objections and accepting the Magistrate Judge's recommendation.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court Nelson's motion for summary judgment is **GRANTED**, Hampton's motion for summary judgment, as amended, is **DENIED**, and Hampton's petition is **DISMISSED WITH PREJUDICE**.

**Certificate of Appealability**

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the Court concludes, after reviewing Hampton's certificate of appealability arguments made in ECF's 40 and 43, the legal standard for the issuance of a certificate of appealability has not been met.

Therefore, a certificate of appealability is **DENIED**.

All other motions are thus **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 29th day of December 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.