

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER L. HAMPTON, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | Civil Action No. 1:21-01377-MGL |
| | § | |
| JONATHAN NANCE, *Warden*, | § | |
| Respondent. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PETITIONER'S AMENDED MOTION FOR SUMMARY JUDGMENT,
DISMISSING PETITIONER'S PETITION WITH PREJUDICE,
AND DENYING PETITIONER'S MOTION FOR A CERTIFICATE
OF APPEALABILITY**

Petitioner Christopher L. Hampton (Hampton), proceeding pro se, filed this petition seeking a writ of habeas corpus against Respondent Kenneth Nelson (Nelson) under 28 U.S.C. § 2254.  Because Hampton has moved facilities, the Court will direct the Clerk to substitute/replace Nelson with Jonathan Nance (Nance), the Warden at Hampton's current facility, as the respondent in this matter.  *See* Fed. R. Civ. P. 25(d) (allowing for the automatic substitution of parties).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending Nance's motion for summary judgment be granted, Hampton's amended motion for summary judgment, be denied, and his petition be dismissed with prejudice.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.  Additionally, Hampton filed a motion for a certificate of appealability.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 13, 2021, the Clerk of Court docketed Hampton's objections on September 30, 2021, Nance filed a reply on October 14, 2021, and the Clerk of Court docketed Hampton's surreply to Nance's reply on November 5, 2021.

The Court held Hampton had failed to raise specific objections, and adopted the Report under a clear error analysis. Hampton appealed, and the Fourth Circuit determined Hampton raised objections specific enough to warrant de novo review. *Hampton v. Nelson*, No. 22-6090, ECF No. 17 (4th Cir. Aug. 31, 2023) (per curiam). The panel thus remanded the matter for further proceedings.

The Court ordered a supplemental reply from Nance, which he filed on April 25, 2024. The Clerk's Office docketed Hampton's supplement on May 13, 2024.

Accordingly, the Court has reviewed Hampton's objections and supplement de novo, but holds them to be without merit. It will therefore enter judgment accordingly.

The Report set forth a comprehensive recitation of the facts, which the Court will summarize here. Hampton pled guilty to murder after a confession led police to the victim's body. He had originally also been charged with criminal sexual conduct, but the state *nolle prossed* that charge.

Hampton's petition raises thirteen grounds for habeas relief. In Hampton's objections, he states he withdraws Grounds Four, Six, Seven, Eight, Nine, Eleven, Twelve, and Thirteen. The

2

Court will thus dismiss those grounds, and focus on Hampton's objections relating to Grounds One, Two, Three, Five, and Ten in this order.

The Magistrate Judge and the parties address Grounds One, Two, and Five, which address Hampton's confession, together.  So, the Court will do so as well.

In Ground One, Hampton asserts trial counsel was ineffective because he failed to file a motion to suppress his confession and to investigate the voluntariness of the statement.  In Ground Two, Hampton alleges trial counsel was ineffective because he failed to object to placing the illegally obtained statement and waiver into evidence and using it against him during his plea hearing.  In Ground Five, Hampton alleges his guilty plea was the product of and motivated by the illegally obtained confession and ineffective assistance of counsel.

Hampton first avers the Magistrate Judge erred in determining the PCR court specifically addressed whether trial counsel was ineffective for failing to file the motion to suppress.  Nance insists the PCR court determined "[n]o suppression hearing was necessary because there was no reasonable amount of evidence that would have proven" Hampton's confession was involuntary. Nance Supplemental Reply at 12.

In the PCR order of dismissal, the PCR court noted "[a]t the PCR. evidentiary hearing [Hampton] testified that counsel was ineffective for failing to move to suppress his statement." PCR Order of Dismissal at 2.  The PCR court then went on to explain it found Hampton's testimony "not credible on all issues."  *Id.* at 9.  It determined Hampton's "statement was freely and voluntarily given."  *Id.*  It then dismissed all Hampton's ineffective assistance of counsel claims with prejudice.  *Id.* at 13.

Because the PCR considered whether trial counsel was ineffective for failing to file the motion to suppress, and rejected the argument, the Court will overrule this objection.

3

Hampton also contends Ground One should survive under *Martinez v. Ryan*, 566 U.S. 1, 16–17 (2012).

Under *Martinez*, in "narrow" circumstances, a prisoner may establish cause for procedural default where his PCR counsel was constitutionally ineffective in failing to raise and exhaust a claim of "ineffective assistance of trial counsel" where the State "effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal." *Davila v. Davis*, 582 U.S. 521, 524–25 (2017) (citing *Martinez*, 566 U.S. 1).

The Magistrate Judge cited *Martinez* in its discussion of Grounds Eight, Nine, and Eleven, which Hampton withdraws. It appears inapplicable to Ground One, which the Magistrate Judge considered on the merits. The Court will thus overrule this objection, too.

Hampton posits the Magistrate Judge unreasonably credited the PCR court's factual determinations, including that Hampton failed to unequivocally invoke his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), he neglected to request counsel, and the original *Miranda* form was related to Hampton's other charge—for criminal sexual conduct—rather than the murder charge. Nance maintains the Magistrate Judge was correct, particularly given the deferential standard the Court must use in Section 2254 actions.

Factual findings "made by a State court shall be presumed to be correct," and a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008).

That Hampton presents different facts, including an affidavit, is of no moment. The Court determines the Magistrate Judge properly determined the PCR court's determination was reasonable. *See Gray v. Zook*, 806 F.3d 783, 790 (4th Cir. 2015) ("An unreasonable determination

of the facts is not merely an incorrect determination, but one sufficiently against the weight of the evidence that it is objectively unreasonable." (citation omitted) (internal quotation marks omitted)).

True, ineffectiveness under *Strickland v. Washington*, 466 U.S. 668 (1984), is a "mixed question[] of law and fact." *Tice v. Johnson*, 647 F.3d 87, 106 (4th Cir. 2011) (quoting *Strickland*, 466 U.S. at 698). Thus, the Court is unbound by the PCR court's decision to the extent it addresses legal questions.

But, the PCR courts reasonable factual determinations belie an ineffective assistance of counsel claim. Indeed, the facts as reasonably determined by the PCR court show Hampton's confession was voluntary, and thus counsel neglected to make any mistake by failing to challenge it.

For the reasons explained by the Magistrate Judge and in this order, Hampton has failed to show ineffective assistance of counsel. Accordingly, the Court will overrule this objection, as well.

Hampton contends "[i]t is a reasonable possibility that suppression would have been granted in [his] case[,] so therefore counsel was clearly ineffective under Kimmelman." Objections at 24 (citing *Kimmelman v. Morrison*, 477 U.S. 365 (1986)).

But, as Hampton acknowledges earlier in his objections, "a reasonable possibility that suppression would have been granted" is not the standard. Instead, a petitioner must show "no competent attorney would think a motion to suppress would have failed[.]" *Premo v. Moore*, 562 U.S. 115, 124 (2011) (citing *Kimmelman*, 477 U.S. at 382).

As the Magistrate Judge determined, a reasonable, competent attorney could have decided a motion to suppress in this case would fail. Accordingly, the Court will overrule this objection, too.

Hampton posits he would have chosen to refrain from pleading guilty had "[t]he confession, the body and the proof of death or homicide . . . been inadmissible." Objections at 24. Nance maintains Hampton has failed to "overcome the strong presumption of veracity carried by his statements at his guilty plea." Nance Supplemental Reply at 16 (emphasis omitted).

First, the Supreme Court has held "a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession." *McMann v. Richardson*, 397 U.S. 759, 770 (1970). It went on to reason a court should focus "not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 770–71. As repeatedly explained, trial counsel's rendered effective assistance.

Second, even if the trial court had granted a motion to suppress Hampton's confession under *Miranda*, it fails to follow that the body would also have been suppressed. *United States v. Sterling*, 283 F.3d 216, 218 (4th Cir. 2002) (declining "to extend the 'fruit of the poisonous tree' doctrine to physical evidence discovered as a result of statements obtained in violation of *Miranda*.").

Consequently, the Court will overrule this objection, as well.

Hampton maintains his trial counsel improperly convinced him to plead guilty by stating a jury would not convict him of manslaughter because of the confession. Nance avers Hampton pled guilty of his own free will, and the solicitor at the plea hearing accurately recited the facts.

Hampton's argument in his objections differs from his previous contention trial counsel "fail[ed] to explain to him that if he proceeded to trial, he had the opportunity to be found guilty of a lesser included offense." PCR Order of Dismissal at 3.

6

Indeed, that contention failed, as Hampton testified at his PCR hearing his trial counsel told him "if [Hampton] th[ought] a Spartanburg Court jury would give [him] a manslaughter verdict, [he] need[s] to get [his] head checked." PCR Reconstruction Hearing at 14:22–24. Thus, he admits they spoke of the possibility.

More importantly, at Hampton's plea hearing, he told the trial court he understood he was giving up his right to claim at trial he was guilty of a lesser included offense. Hampton has been unable to show the Court should discount the veracity of the statements he made at his plea hearing. Just because he now agrees with the—perhaps crass—advice given by counsel fails to mean his plea was not voluntary and intelligent.

The Court will therefore overrule this objection, too, and dismiss Grounds One, Two, and Five.

In Ground Three, Hampton asserts trial counsel was ineffective because he failed to investigate the whereabouts of missing audio evidence or raise a *Brady v. Maryland*, 373 U.S. 83 (1963), issue as to the evidence.

As to this ground, Hampton contends the Magistrate Judge improperly adopted the PCR court's credibility determination, believing law enforcement who insisted there lacked any audio recording of his confession and the preceding interactions with the officers. Nance contends the PCR court and the Magistrate Judge correctly determined there lacked independent evidence the state withheld evidence.

As above, Hampton has failed to present any argument or evidence that shows the PCR court's credibility determination is unreasonable. Instead, he merely disagrees with the PCR court's interpretation of the facts. This fails to a 2254 claim make.

Accordingly, the Court will also overrule this objection, and dismiss Ground Three.

In Ground Ten, Hampton asserts PCR counsel was ineffective for failing to argue ineffective assistance of trial counsel and failing to argue prejudice under *United States v. Cronic*, 466 U.S. 648 (1984). In *Cronic*, the Supreme Court held absent a failure of trial counsel "to function in any meaningful sense as the Government's adversary" a petitioner "can . . . make out a claim of ineffective assistance only by pointing to specific errors made by trial counsel."

As to this ground, Hampton insists because the Magistrate Judge erred in determining Grounds Two and Three lack merit, she improperly failed to consider his ineffective assistance of PCR arguments.

Because the Court affirms the Magistrate Judge's determinations as to Ground Two and Three, it agrees with her Ground Ten necessarily fails. And, the Court is unsure how Hampton contends *Cronic* supports his position; it determines it is inapposite here. Consequently, the Court will overrule this objection, too, and dismiss Ground Ten.

Because the Court will dismiss all of Hampton's remaining Grounds, it is unnecessary to consider his arguments regarding the statute of limitations. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

And, to the extent Hampton raises other objections, the Court determines they are addressed in the above analysis or so lacking in merit as to warrant no discussion. Nevertheless, the Court has reviewed the Report and the record de novo and found no error.

Finally, Hampton moves for a certificate of appealability.

Under 28 U.S.C. § 2253(c)(1), a petitioner is unable to appeal a final order in a Section 2254 action unless the Court issues a certificate of appealability. "A certificate of appealability

8

may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

To meet Hampton's burden, he "must demonstrate that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (internal quotation marks omitted) (citation omitted).

Here, for the reasons set forth in this order, the Court determines Hampton has failed to meet his burden. Accordingly, the Court will deny his motion.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Nance's motion for summary judgment is **GRANTED**, Hampton's amended motion for summary judgment is **DENIED**, and his petition is **DISMISSED WITH PREJUDICE**.

The Clerk shall substitute/replace Nelson with Nance as the respondent in this matter.

Finally, Hampton's motion for a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Signed this 10th day of June, 2024, in Columbia, South Carolina.

                                              s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.