

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. HAMPTON,<br>Petitioner, | §<br>§<br>§ | |
| vs. | § | Civil Action No.: 1:21-1377-MGL |
| | § | |
| JONATHAN NANCE, Warden,<br>Respondent. | §<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT**

## I.     INTRODUCTION

Petitioner Christopher L. Hampton (Hampton), a state prisoner who is representing himself, filed this petition seeking a writ of habeas corpus against Respondent Jonathan Nance (Nance) under 28 U.S.C. § 2254.

Pending before the Court is Hampton's motion to alter or amend the summary judgment in this case under Federal Rule of Civil Procedure 59(e). Having carefully considered the motion, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

In August 2005, Lieutenant Lamb (Lamb) and Detective Steadman (Steadman), both with the Spartanburg Public Safety Department, transported Hampton, then a federal inmate and suspect in the murder of Tamika Hutson (Hutson), from Edgefield, South Carolina, to Spartanburg, South Carolina. According to Hampton, Lamb utilized a voice recorder during the transport to record a

two-hour interrogation (the alleged voice recording), notwithstanding Hampton's invocation of his right to counsel.

Once in Spartanburg, the officers informed Hampton they had discovered Hutson's blood in his apartment, and Hampton led the officers to the place he buried Hutson's body. Hampton, represented by Michael Bartosh (Bartosh), later pled guilty to murder. Bartosh died two days after Hampton was sentenced, and Hampton failed to appeal his conviction.

In 2007, W. Jeffery McGurk (McGurk) filed an application for post-conviction relief on Hampton's behalf (2007 PCR application). As is relevant here, Hampton claimed Bartosh was ineffective in failing to contest the voluntariness of his statements to law enforcement. The PCR court dismissed the 2007 PCR application, finding Hampton waived his right to challenge the voluntariness of his statements by pleading guilty. Even still, the PCR court determined Hampton was entitled to a belated appeal of his conviction and therefore instructed McGurk to file a notice of appeal within thirty days. When McGurk neglected to file a notice of appeal, Hampton filed an untimely pro se notice of appeal and petition for belated review. The supreme court dismissed the appeal as untimely.

In 2014, Hampton filed another PCR application (2014 PCR application). Hampton alleged McGurk was ineffective in, among other things, neglecting to raise various issues arising from the alleged voice recording. Hampton also requested the PCR court's permission to file belated appeals from his conviction and from the dismissal of his 2007 PCR application. The PCR court declined to address the merits of the 2014 PCR application but nevertheless determined Hampton was entitled to belated appeals from his conviction and from the dismissal of his 2007 PCR application. Hampton thereafter filed in the South Carolina Supreme Court a notice of appeal from the order granting relief on his 2014 PCR application.

The South Carolina Supreme Court transferred Hampton's appeal to the South Carolina Court of Appeals, which denied Hampton's petition for a writ of certiorari as to the ineffective assistance claim raised in the 2007 PCR application and dismissed Hampton's direct appeal. Hampton thereafter filed this petition seeking a writ of habeas corpus under 28 U.S.C. § 2254.

The Court entered summary judgment in favor of Nance on June 10, 2024. Hampton filed this motion four days later.

### III.  STANDARD OF REVIEW

Under Rule 59(e), the Court may alter or amend a judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). "[M]ere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. Indeed, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

### IV.  DISCUSSION AND ANALYSIS

Hampton avers the Court should alter or amend its judgment as to Ground Ten of his petition. There, Hampton asserts McGurk was ineffective in neglecting to challenge Bartosh's

3

failure to investigate the alleged voice recording, as well as Bartosh's decision to refrain from raising a *Brady v. Maryland*, 373 U.S. 83 (1963), violation.

Hampton contends the alleged voice recording constitutes exculpatory evidence the state was obligated to produce under *Brady*. He takes issue with Bartosh neither investigating the whereabouts of the alleged voice recording nor challenging the state's purported withholding of it. Moreover, Hampton maintains the state's failure to present Lamb as a witness in the PCR proceedings indicates his testimony would have been exculpatory.

As the Court explained above, the PCR court dismissed the 2007 PCR application because it found Hampton, in pleading guilty, freely waived any challenge to the voluntariness of his statements to law enforcement. *See* State v. Rice, 401 S.C. 330, 331–32, 737 S.E.2d 485, 485–86 (2013) ("[I]n South Carolina, a guilty plea constitutes a waiver of . . . claims of violations of constitutional rights."). Hampton's numerous attempts to appeal his conviction, as well as the PCR court's dismissal, were all unsuccessful. The Court is thus unable to conclude McGurk was ineffective in failing to challenge Bartosh's performance as it relates to the alleged voice recording. Accordingly, the Court will deny Hampton's motion on this ground.

Inasmuch as the Court's ruling on Ground Ten is dispositive, it is unnecessary for the Court to consider Hampton's remaining argument regarding the statute of limitations. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, and in the interest of finality, it is the judgment of the Court Hampton's motion to alter or amend is **DENIED**.

**IT IS SO ORDERED.**

Signed this 18th day of February 2025, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Hampton is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.